UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CLARENCE DYLAN SUSTACHA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TYLER J. INGRAM, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:18-cv-00145-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　　Before the court are Plaintiff's Applications to Proceed in Forma Pauperis (IFP) (ECF Nos. 1, 1-1) and pro se Complaint (ECF No. 1-2).

### I. IFP APPLICATION

　　　　A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

　　　　In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

///

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff has submitted two IFP applications. (ECF Nos. 1, 1-1.) Each has a financial certificate indicating a current account balance of $1.90, and a $0 average for the monthly balance and deposits. (ECF Nos. 1 at 4, 1-1 at 4.)

Plaintiff's application to proceed IFP should be granted. Given that his account balance is $1.90, he should not be required to pay an initial partial filing fee; however, when his prison account exceeds $10 he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or

appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants: Elko County District Attorney Tyler J. Ingram; Elko Justice Court Judge Alvin Kasin; Makenna Smith; Deputy Sheriff Ana Bribesca; and Athena Smith. (ECF No. 1-2 at 2-3.)

Preliminarily, Plaintiff labels his complaint a *Bivens* action, but *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provided plaintiffs with a method for seeking damages against *federal officials* who commit constitutional violations. Plaintiff does not allege allegations against any *federal officials*; therefore, he states no claims under *Bivens*.

Plaintiff alleges generally that he is disabled and was set up by the Elko County Sheriff's Department, but he includes no facts to support his broad assertion. Nor does he allege any conduct on the part of any particular defendant, or the violation of a specific constitutional right. Thus, any claim against Deputy Elko County Sheriff Bribesca should be dismissed; however, the dismissal should be with leave to amend so that Plaintiff may attempt to cure the deficiencies with respect to such a claim by alleging specific facts of purported unconstitutional conduct that are connected to a particular defendant(s).

He goes on to allege that he has not been allowed to have physical therapy or see a doctor for his mental health needs. A pretrial detainee may bring a claim for alleged denial of appropriate medical care. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

1 Pronouncements from the Supreme Court and the Ninth Circuit suggest that an objective standard
2 likely governs medical care claims brought by pretrial detainees. *See Kingsley v. Hendrickson*, 135
3 S.Ct. 2466 (2015); *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc), *cert.*
4 *denied,* 137 S.Ct. 831 (Jan. 23, 2017). Plaintiff may have a claim for denial of appropriate medical
5 care in the jail, but he has not alleged sufficient facts concerning what exactly occurred, and he
6 has not identified conduct on behalf of any particular defendant. Therefore, this claim should
7 likewise be dismissed with leave to amend.

8 Plaintiff further alleges that he was refused a fair and speedy jury trial in Elko County, and
9 asks for a federal grand jury to give him a trial. The Sixth Amendment provides that "[i]n all
10 criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial
11 jury of the State and district wherein the crime shall have been committed…." U.S. Const., amend
12 VI. It applies to the phase of a criminal proceeding from arrest or indictment through conviction.
13 *See Betterman v. Montana*, 136 S.Ct. 1609, 1613 (2016). "The sole remedy for a violation of the
14 speedy trial right" is a "dismissal of the charges." *Id*. at 1615 (citing *Strunk v. United States,* 412
15 U.S. 434, 440 (1973).

16 Here, in his request for relief, Plaintiff only asks that the federal court step in and provide
17 him with a fair trial. Federal courts generally may not enjoin or otherwise interfere with state
18 judicial proceedings, and Plaintiff may raise his speedy trial claim in his state criminal proceeding.
19 *Younger v. Harris,* 401 U.S. 37 (1971) (precludes federal injunctions of pending state criminal
20 prosecutions absent "extraordinary circumstances"). Moreover, to the extent this can be viewed as
21 a pretrial habeas petition, "federal courts elect not to entertain habeas corpus challenges [including
22 pretrial challenges] to state court proceedings until habeas petitioners have exhausted state avenues
23 for raising federal claim[s]." *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

24 To the extent Plaintiff names Judge Kasin and District Attorney Ingram on the basis that
25 the court denied him a speedy trial, they should also be dismissed on the additional basis that they
26 are immune from suit. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges are
27 immune from damage actions for judicial acts taken within the jurisdiction of their courts.");
28 *Imbler v. Pachman*, 424 U.S. 409 (1975) (prosecutors are immune from section 1983 liability for

acts taken within the scope of their authority).

Finally, Plaintiff alleges that Makenna Smith was sent to his house by her family to meet Plaintiff, which he contends proves a "mob mentality" and misrepresentation of character. He does not include sufficient facts that support any cognizable legal claim. In addition, Plaintiff includes no facts with respect to Athena Smith. Any claims against these defendants should be dismissed. Since it is not clear whether he can state a viable claim against these defendants, the dismissal should be with leave to amend.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of any order adopting and accepting this Report and Recommendation to the attention of the Elko County Jail, 775 W. Silver Street, Elko, Nevada 89801.

(2) The Complaint (ECF No. 1-2) should be **FILED**.

(3) The action should be **DISMISSED WITH LEAVE TO AMEND**, consistent with this Report and Recommendation, except that Plaintiff's claims for violation of the right to speedy trial (as against Judge Kasin and District Attorney Ingram, or otherwise) should be **DISMISSED WITH PREJUDICE**. Plaintiff should be given thirty days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint that is complete in and of itself. Plaintiff should be advised that the failure to timely file an amended complaint will result in dismissal of this action.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by

points and authorities for consideration by the district judge.

       2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 10, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE