UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH CALRENCE DYLAN SUSTACHA,<br><br>                        Plaintiff,<br><br>    v.<br><br>TYLER J. INGRAM, *et al.*,<br><br>                        Defendants. | Case No. 3:18-cv-00145-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff had until May 24, 2018, to object to the R&R. To date, no objection to the R&R has been filed.[1]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a

---

[1] Plaintiff filed two notices that do not address the R&R. (ECF Nos. 4, 5.) The Court will not take any action in response to these notices.

1  magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. The Magistrate Judge recommended granting the IFP application. The Magistrate Judge recommended dismissing the Complaint with leave to amend because Plaintiff fails to allege sufficient allegations to support his claims. However, the Magistrate Judge recommended dismissing claims against Elko Justice Court Judge Alvin Kasin and Elko County District Attorney Tyler J Ingram with prejudice to the extent Plaintiff seeks to assert claims for violation of his speedy trial rights. Upon reviewing the R&R and the Complaint, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted; Plaintiff will not be required to pay an initial fee. However, whenever Plaintiff's prison account exceeds $10, he will be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is
///

otherwise unsuccessful. The Clerk is directed to send a copy of this Order to the Elko County Jail, 775 W. Silver Street, Elko, Nevada 89801.

It is further ordered that the Clerk file the Complaint (ECF No. 1-1).

It is ordered that this action is dismissed with leave to amend consistent with the R&R, except that Plaintiff's claims for violation of the right to a speedy trial as alleged against Judge Kasin and District Attorney Ingram are dismissed with prejudice. Plaintiff will have thirty (30) days to file amended complaint, which will be subject to screening. Failure to file an amended complaint within the prescribed time will result in dismissal of this action without prejudice.

DATED THIS 1st day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE