UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH CLARENCE DYLAN SUSTACHA,

Plaintiff,

v.

TYLER J. INGRAM, *et al.*,

Defendants.

Case No. 3:18-cv-00145-MMD-WGC

ORDER

On June 6, 2018, this Court dismissed Plaintiff's claims with leave to amend except with respect to certain defendants. (ECF No. 6.) The Court gave Plaintiff thirty days (30) days from the date of that order to file an amended complaint and cautioned that failure to timely file an amended complaint would result in dismissal of this action. (*Id.*) The thirty-day period has now expired, and Plaintiff has not filed an amended complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local

rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order directing Plaintiff to file an amended complaint within thirty (30) days expressly stated: "Failure to file an amended complaint within the prescribed time will result in dismissal of this action without prejudice." (ECF No. 6 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order and failed to comply.

On June 14, 2018, Plaintiff filed a document titled "Revise and Remand attention Needs Brought to Federal attention" ("Notice") (ECF No. 8). In the Notice, Plaintiff

references what appears to be a criminal case where he is apparently a defendant and asserts, *inter alia*, there is no evidence against him, he is suffering physically due to his physical disability and he has been denied a speedy trial. (*Id.*) These allegations are more confusing than the initial complaint. The Court cannot reasonably construe the Notice as an attempt to comply with the Court's Order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint.

The Clerk of the Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 17th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE